# EXHIBIT 1

Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
HATTIS & LUKACS
11711 SE 8th Street, Suite 120
Bellevue, Washington 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

Stephen P. DeNittis, Esq.
(*pro hac vice* application to be submitted)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Email: sdenittis@denittislaw.com

*Attorneys for Plaintiffs*
*and the Proposed Class and Subclasses*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AYANA STEVENSON,
DAVID AMBROSE and
LISA RAMIREZ,
For Themselves,
As Private Attorneys General, and
On Behalf Of All Others Similarly Situated,

Plaintiffs,

v.

SIRIUS XM RADIO INC.,

Defendant.

Case No. 3:23-cv-02367-WHO

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO SIRIUS XM'S MOTION TO COMPEL ARBITRATION**

Hearing
Date: September 27, 2023
Time: 2:00 p.m.
Place: Zoom Webinar

[Hon. William H. Orrick]

Complaint Filed: April 14, 2023
Action Removed: May 15, 2023

PLAINTIFFS' SUPP. BRIEF I.S.O.
OPPO. TO MOT. TO COMPEL ARBITRATION
Case No. 3:23-cv-02367-WHO

HATTIS & LUKACS
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

## SUPPLEMENTAL BRIEF

Defendant Sirius XM Radio Inc. ("Sirius XM") has defaulted on its arbitral fees obligations in a set of pending consumer arbitrations. With regard to 5,943 consumer arbitrations whose initial filing fees have thus far been invoiced by the American Arbitration Association ("AAA"), Sirius XM has refused to pay the filing fees for 5,161 (87%) of the arbitrations, and Sirius XM has stated it will only pay the filing fees made by those 782 claimants who reside in California or New Jersey.[1] Sirius XM's decision to only pay the arbitral filing fees for the cases brought by California or New Jersey residents is a self-serving distinction that was created out of thin air and has no basis in the text of Sirius XM's delegation clause or arbitration agreement. Sirius XM does not regard its own contracts as binding, so neither should this Court.

By defaulting on its arbitral fees obligations in other proceedings, Sirius XM has repudiated, breached, waived and defaulted upon the same delegation clause and arbitration agreement that Sirius XM is attempting to enforce through its pending Motion To Compel Arbitration (Dkt. 17) ("Motion"). Sirius XM seeks an equitable order from this Court but has unclean hands, and this Court may properly consider Sirius XM's cavalier disregard for its obligations to third parties under those same contracts. Plaintiffs Ayana Stevenson, David Ambrose and Lisa Ramirez (collectively, "Plaintiffs") therefore respectfully request that this Court deny Sirius XM's Motion on these additional grounds as well as on the grounds enunciated in Plaintiffs' Opposition (Dkt. 25).

## SIRIUS XM DEFAULTED ON ITS ARBITRAL FEES OBLIGATIONS

**The Arbitration Claimants Allege False Advertising Claims Against Sirius XM.** In a set of proceedings before the American Arbitration Association ("AAA"), a total of 13,535 consumers have filed with the AAA and served on Sirius XM their individual Demands For

[1] Sirius XM has only stated that it will pay the initial filing fees for the 782 California and New Jersey claimants; but Sirius XM has not confirmed that it will pay the other AAA fees (e.g., the administrative and arbitrator fees), which have not yet been invoiced, for those 782 cases. Sirius XM also has not confirmed that it will pay the AAA fees for all other current or future California or New Jersey consumer arbitration claimants. *See* Hattis Decl., ¶ 13.

HATTIS & LUKACS
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

Arbitration, and a separate total of 3,876 consumers have served pre-arbitration notices on Sirius XM and intend to file and serve Demands For Arbitration once the 60-day notice period has expired.[2] *See* Declaration of Daniel M. Hattis In Support Of Plaintiffs' Supplemental Brief In Opposition To Sirius XM's Motion To Compel Arbitration ("Hattis Decl."), ¶ 2; Plaintiffs' First Amended Notice Of Pendency Of Other Action Or Proceeding (both documents are filed simultaneously herewith). These two groups of consumers will be referred to herein collectively as the "Arbitration Claimants."

The Arbitration Claimants are making the same factual allegations as Plaintiffs herein: that Sirius XM falsely advertises its music plans at lower prices than it actually charges in order to extract additional profits from its customers, by tacking on a bogus and inadequately disclosed so-called "U.S. Music Royalty Fee." Hattis Decl., ¶ 3. Once the consumer has been lured to sign up, Sirius XM prevents him or her from learning about its scheme by never thereafter sending the customer periodic bills or payment receipts. *Ibid.* All the while, Sirius XM silently and automatically renews the customer's subscription month after month and year after year. *Ibid.* The Arbitration Claimants are represented by the same counsel who are representing Plaintiffs in this action. Hattis Decl., ¶ 4.

The Arbitration Claimants are different in certain ways from Plaintiffs and from the Class proposed in this action.[3] The Arbitration Claimants have decided that they prefer to bring individual claims against Sirius XM in arbitration; they would prefer not to be a part of a class action. Hattis Decl., ¶ 5. While the Plaintiffs and Class members are all California residents alleging that Sirius XM's false advertising and deceptive practices violate California law, the Arbitration Claimants come from all 50 states (plus the District of Columbia) and allege that Sirius XM's false advertising and deceptive practices violate the laws of their respective

---

2 Sirius XM's arbitration agreement requires that a consumer serve a notice upon Sirius XM at least 60 days prior to commencing arbitration. *See* Sirius XM Customer Agreement, § L(1) (Declaration of Diana L. Calla, Exhibit 1, p. 18) (Dkt. 17-1).

3 The Class in this action is defined as "All current and former SiriusXM subscribers in California who paid a 'U.S. Music Royalty Fee' within the applicable statute of limitations." First Amended Complaint, ¶ 114 (Dkt. 11).

**HATTIS & LUKACS**
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

jurisdictions. *Ibid.* The Arbitration Claimants are not parties to this action, do not want to be a part of the Class, and are not before this Court. *Ibid.*

Of the total of 17,411 Arbitration Claimants, a sub-set of 1,619 are from California, and a sub-set of 451 are from New Jersey (the relevance of which will be explained below). Hattis Decl., ¶ 6. That leaves a total of 15,341 Arbitration Claimants not from California or New Jersey. *Ibid.*

**The First Tranche Of Arbitration Claimants Paid Their Arbitral Fees.** The Arbitration Claimants' pre-arbitration notices and Demands For Arbitration were served in different tranches. Hattis Decl., ¶ 7. The focus of this Supplemental Brief is on the first tranche of Arbitration Claimants that filed and served Demands For Arbitration (the arbitration cases whose initial filing fees have thus far been invoiced by the AAA).

On July 18, 2023, the AAA invoiced the first tranche of 5,943 Arbitration Claimants for their initial filing fees (a tranche which the AAA had divided into two sets, depending on which version of the Sirius XM Customer Agreement was being enforced). *See* AAA Invoice dated July 18, 2023 (invoicing Arbitration Claimants sum of $443,750 for 5,570 cases filed under the Customer Agreement dated Oct. 14, 2021) (Hattis Decl., Exhibit A); Invoice dated July 18, 2023 (invoicing Arbitration Claimants sum of $46,635 for 373 cases filed under Customer Agreement of July 1, 2018) (*Id.* at Exhibit B).

On July 26, 2023, the two sets of initial Arbitration Claimants paid their AAA filing fees of $443,750 and $46,635, respectively (which totaled $490,385). *See* Hattis Decl., ¶ 9. *See also* Email from D. Hattis to AAA Finance Dept. (corpfinance@adr.com), sent on July 26, 2023, at 11:48 a.m. ("I have sent two wires today, July 26, 2023, to the AAA as payment for the 2 attached invoices[.]"). *Id.* at Exhibit C. On July 28, 2023, the AAA sent two letters confirming that "[t]he consumers have now met the administrative filing requirements on each of the . . . cases filed." *See* Letter from V. Chandler to D.M. Hattis, dated July 28, 2023 (for 5,570 cases) (*Id.* at Exhibit D); Letter from V. Chandler to D.M. Hattis, dated July 28, 2023 (for 373 cases) (*Id.* at Exhibit E).

**HATTIS & LUKACS**
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

**Sirius XM Defaulted On Its Arbitral Fees Obligations.** On July 28, 2023, the AAA issued two invoices to Sirius XM for its share of the AAA filing fees, which were $932,000 for the 5,570 cases and $121,225 for the 372 cases (for a total due from Sirius XM to the AAA of $1,053,225). *See* AAA Invoice to Sirius XM dated July 28, 2023 (invoicing sum of $932,000 for 5,570 cases) (Hattis Decl., Exhibit F); AAA Invoice to Sirius XM dated July 28, 2023 (invoicing sum of $46,625 for 373 cases) (Hattis Decl., Exhibit G).

On August 7, 2023, Sirius XM refused to pay the AAA arbitration invoices; instead, Sirius XM stated that it would pay <u>only</u> the arbitration filing fees associated with the claims of the 782 Arbitration Claimants who reside in California or New Jersey. "Pursuant to AAA's rules and procedures, Sirius XM respectfully declines to pay its share of any filing fees in connection with Claimants' demands, except as to filing fees in connection with any demands filed by California or New Jersey Claimants." Letter from E.P. Stephens to V. Chandler, dated Aug. 7, 2023, at p. 1 (Hattis Decl., Exhibit H).[4] (It is important to note that the AAA rules do not permit a business to unilaterally decide not to pay its portion of the AAA arbitration fees.)

Meanwhile, with regard to the 782 California and New Jersey claimants, Sirius XM has stated only that it will pay the <u>initial filing fees</u> for those cases. Hattis Decl., ¶ 13. Sirius XM has not confirmed that it will pay the other AAA fees (e.g., the administrative fees and the arbitrator fees), which have not yet been invoiced, for those 782 cases. *Ibid.* Sirius XM also has not confirmed that it will pay the AAA fees for all <u>other</u> current or future California and New Jersey consumer arbitration cases—including another 832 cases which have already been filed (but not yet invoiced), and another 456 cases for which Sirius XM has received pre-arbitration notices. *Ibid.*

---

4 Sirius XM's excuses for non-payment are that "Claimant's demands are meritless, and they are made for an improper purpose." Letter from E.P. Stephens to V. Chandler, dated Aug. 7, 2023, at p. 1 (Hattis Decl., Exhibit H). These pretexts fail to identify the contractual language (because none exists) that allows Sirius XM to selectively pick and choose when it will or will not honor its promise to arbitrate. There is no principled distinction between the California and New Jersey claims (where Sirius XM said it will pay the initial filing fees) and the other claims (where Sirius XM refuses to pay). While the Arbitration Claimants' allegations are true and meritorious, Sirius XM is incorrect on the law. *See Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 528 (2019) ("The [Federal Arbitration] Act does not contain a 'wholly groundless' exception[.]").

**HATTIS & LUKACS**
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

On August 21, 2023, the AAA decided to issue separate invoices to Sirius XM for the 781[5] California and New Jersey cases. "As respondent has advised they will only pay filing fees to proceed with administration against those claimants residing in California and New Jersey, we are providing invoices to solely reflect the New Jersey and California claimants." Letter from V. Chandler to D.M. Hattis, dated Aug. 21, 2023, at p. 1 (Hattis Decl., Exhibit I).

With regard to the 5,161 non-California and non-New Jersey cases, the AAA noted that, while the Arbitration Claimants had the option to pay Sirius XM's filing fees after Sirius XM's default, the AAA would close the cases if neither side paid the fees by the deadline of August 28, 2023. "As for the remaining non-California and New Jersey cases, as the respondent has advised they will not pay the filing fees for these matters, in order for the matters to proceed in AAA arbitration, the claimants could choose to pay Sirius's portion of the filing fees. Unless the claimants' [sic] or Sirius pay Sirius's portion of the filing fees for the non-California and New Jersey cases, the AAA will close all these cases after August 28, 2023." Letter from V. Chandler to D.M. Hattis Et Al., dated Aug. 21, 2023, at p. 2 (Hattis Decl., Exhibit I).

On August 21, 2023, the Arbitration Claimants declined to pay the fees due and owing from Sirius XM. *See* Email from D. Hattis to V. Chandler, sent on Aug. 21, 2023, at 1:09 p.m. (Hattis Decl., Exhibit J.)

On September 6, 2023, the AAA closed all of the cases in the first tranche (other than the California and New Jersey cases) due to Sirius XM's refusal to pay its arbitral fees. *See* Letter from V. Chandler to D.M. Hattis, dated Sept. 6, 2023 (closing 4,843 cases) (Hattis Decl., Exhibit K); Letter from V. Chandler to D.M. Hattis, dated Sept. 6, 2023 (closing 318 cases) (Hattis Decl., Exhibit L).

---

[5] The AAA omitted one California case in error from the new separate invoices (thus invoicing 781 cases instead of 782 cases), and the AAA later issued an additional invoice for that single case to Sirius XM on September 11, 2023, with a payment deadline of October 11, 2023. Hattis Decl., ¶ 14.

PLAINTIFFS' SUPP. BRIEF I.S.O.
OPPO. TO MOT. TO COMPEL ARBITRATION
Case No. 3:23-cv-02367-WHO

- 5 -

**HATTIS & LUKACS**
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

**THIS COURT SHOULD DENY THE MOTION TO COMPEL ARBITRATION DUE TO SIRIUS XM'S REFUSAL TO PAY ALL OF ITS FEES IN THE ARBITRATIONS**

Sirius XM's conduct in the AAA arbitrations makes it clear that Sirius XM does not regard its own contracts as binding; neither should this Court.

Sirius XM is picking and choosing at whim when it will or will not recognize its own delegation clause and arbitration agreement. Thus far, with regard to the invoiced arbitrations, Sirius XM stated that it would only pay the filing fees[6] for the 782 claimants who reside in California or New Jersey. Sirius XM refused to pay the filing fees for the other 5,161 arbitrations (i.e., Sirius XM refused to pay for 87% of the invoiced filing fees). Sirius XM's decision to only pay the arbitral filing fees for the cases brought by California or New Jersey residents is a self-serving distinction that was created out of thin air. Sirius XM did not explain or provide a rationale or legal basis for this distinction, which has no basis in the text of the delegation clause or the arbitration agreement. That is not how a person treats a binding contract; that is how a person treats hollow humbug.

**Sirius XM Has Engaged In Material Breach and Repudiation.** In *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1011 (9th Cir. 2005) ("*Dillard's*"), the Ninth Circuit held that an employer who failed to abide by its arbitral obligations materially breached and repudiated the arbitration agreement—which therefore became unenforceable. "In this case . . ., Dillard's breached the arbitration agreement by refusing to participate in properly initiated arbitration proceedings. Dillard's breach was tantamount to a repudiation of the arbitration agreement." *Ibid.*

The law is clear that a party who fails to abide by its arbitral obligations—and, in particular, its obligation to pay its arbitral fees—cannot enforce the underlying dispute resolution agreements. "Material breach is a defense to the enforcement of an arbitration agreement under 9 U.S.C. § 2." *Brunner v. Lyft, Inc.*, No. 19-cv-4808-VC, 2019 WL 6001945,

6 Sirius XM has not confirmed that it will pay the <u>other</u> AAA fees (e.g., the administrative and arbitrator fees), which have not yet been invoiced, for these 782 California and New Jersey cases. See Hattis Decl., ¶ 13.

**HATTIS & LUKACS**
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

*2 (N.D. Cal. Nov. 14, 2019). "[B]ecause Defendant's nonpayment of fees and noncompliance with AAA's procedures resulted in termination of arbitration proceedings, Defendant is in material breach of the arbitration agreement and cannot compel Plaintiff to arbitrate his claims." *Eliasieh v. Legally Mine, LLC*, No. 18-CV-03622-JSC, 2020 WL 1929244, *5 (N.D. Cal. Apr. 21, 2020). *See also Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003) ("*Sink*") ("[Defendant's] failure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration."); *Garcia v. Mason Contract Products, LLC*, No. 08-23103-CIV, 2010 WL 3259922, *3 (S.D. Fla. Aug. 18, 2010) ("By failing to timely pay its share of the arbitration fee, Defendant materially breached its obligations, thereby scuttling that opportunity.") (quotation marks omitted).

**Sirius XM Has Breached The Implied Covenant of Good Faith and Fair Dealing.** Sirius XM's refusal to pay its arbitral fees is a breach of the implied covenant of good faith and fair dealing. *See Roach v. BM Motoring, LLC*, 228 N.J. 163, 180 (2017) ("We conclude that defendants' failure to pay the AAA fees or respond to plaintiffs' arbitration demands was not only problematic, but also did not comport with the standards of good faith and fair dealing.").

**Sirius XM Has Waived Its Right To Arbitrate.** "A party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Dillard's*, 430 F.3d at 1012. As to the first element of waiver, Sirius XM knew of its right to arbitrate because it sent letters to the AAA about the arbitration proceedings. As to the second element, Sirius XM's refusal to pay its arbitral fees is an act inconsistent with the right to arbitrate. *Dillard's*, 430 F.3d at 1012. As to the third element, Sirius XM caused prejudice by imposing delay and cost upon the Arbitration Claimants. *Ibid.*, 430 F.3d at 1013.

**Sirius XM Has Defaulted Under Section 3 of the Federal Arbitration Act.** Sirius XM's refusal to pay is a basis for this court to deny Sirius XM's request for a stay pending arbitration pursuant to Section 3 of the Federal Arbitration Act. *See* Mot., at p. 25:10-17 (Sirius XM requesting § 3 stay). Section 3 allows a Court to issue a stay pending arbitration but with

HATTIS & LUKACS
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

the important condition that, to obtain a stay, "the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. "Failure to pay arbitration fees constitutes a 'default' under § 3." *Pre-Paid Legal Services, Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015) (collecting cases). *See also Sink*, 352 F.3d at 1201 (affirming district court finding that non-payment of arbitral fees constituted default under Section 3).

**The AAA Rules Do Not Place Upon A Consumer The Burden Of Paying A Recalcitrant Business' Arbitral Fees.** In response to this Supplemental Brief, Sirius XM may contend that it had no actual obligation to pay the AAA's fees because the Arbitration Claimants declined the AAA's invitation to cover Sirius XM's fees.[7] A few days ago, a federal district court in Chicago explicitly rejected this argument and held that, while the AAA rules provide the consumer with the *option* of paying a recalcitrant business' fees, the consumer is not *obligated* to do so. *Wallrich v. Samsung Electronics. America, Inc.*, No. 19 C 4560, --- F. Supp. 3d ---, 2023 WL 5934842, *11 (N.D. Ill. Sept. 12, 2023) ("But the fact that Petitioners had the option to pay Samsung's fees does not negate the reality that those fees were deemed Samsung's responsibility by the AAA."). Sirius XM's arbitral fees are *Sirius XM's* responsibility, not anyone else's.

**The Fact That Plaintiffs And The Arbitral Claimants Are Different Persons Is Immaterial.** In response to this Supplemental Brief, Sirius XM may argue that, even though Sirius XM breached and repudiated and waived and defaulted upon its obligation to pay fees, it did so as to the Arbitration Claimants and not as to the particular Plaintiffs in this action. This argument should fail.

A motion to compel arbitration is a suit in equity to specifically enforce a contract, *Freeman v. State Farm Mut. Auto. Ins. Co.*, 14 Cal. 3d 473, 479 (1975), but a person who seeks equity must do equity and come to the Court with clean hands, *Ramirez v. Collier*, 595 U.S. 411, 434 (2022).

---

7 The AAA rules in fact do not permit a business to unilaterally decide not to pay its portion of the AAA arbitration fees.



HATTIS & LUKACS
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

As a general equitable principle, this federal Court has every right to look at the manner in which the party seeking equitable relief has treated third parties in similar or identical circumstances. *See, e.g., McFerren v. B & B Inv. Group*, 253 Mich. App. 517, 524 (2002) ("[T]he fact that the misconduct was directed at unrelated third parties does not bar application of the clean hands doctrine."); *Barnhisel v. Watters*, 138 Or. 8, 18 (1931) ("[T]he circumstance that the fraud was directed against third parties, and not the defendant, is immaterial."); *Perry v. Turner*, 365 So. 3d 1222, 1224 (Fla. Dist. Ct. App. 2023) ("[T]he unclean hands doctrine may be asserted by a defendant who claims that the plaintiff acted toward a third party with unclean hands with respect to the matter in litigation.") (quotation marks omitted). *See also In re Yellowstone Mountain Club, LLC*, 415 B.R. 769, 777 (Bankr. D. Mont. 2009) (same, under federal equity).

A business that selectively decides when it will or will not honor its delegation clause and arbitration agreement is not doing equity and does not have clean hands.

**The Court Decides These Issues.** As Plaintiffs explained in their Opposition (at p. 6, n. 3), the delegation clause in Sirius XM's arbitration agreement is not clear and unmistakable and therefore is unenforceable. Separately, in this Supplemental Brief, Plaintiffs challenge the delegation clause, since arbitration is a non-existent or illusory remedy if Sirius XM can at its whim decide not to pay its arbitral fees, resulting in the AAA's closing the cases before arbitrations occur. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 71–72 (2010) (court decides challenges to delegation clause). With regard to default or waiver, "[w]hether there is such a default or waiver is an issue for the court." *Karnette v. Wolpoff & Abramson, L.L.P.*, 444 F. Supp. 2d 640, 644 (E.D. Va. 2006).

## CONCLUSION

For the reasons stated in this Supplemental Brief and in the Opposition, Plaintiffs respectfully request that this Court deny Sirius XM's Motion.

Plaintiffs have no objection to Sirius XM filing a response to this Supplemental Brief. Plaintiffs have no objection to this Court continuing the current hearing date (Sept. 27, 2023) to

HATTIS & LUKACS
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

any date and time convenient to the Court in order to allow for Sirius XM's response and for the Court's consideration of these arguments.

Date: September 22, 2023

Presented by:

HATTIS & LUKACS

By: [signature]

Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
HATTIS & LUKACS
11711 SE 8th Street, Suite 120
Bellevue, Washington 98005
Telephone: (425) 233-8650
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

Stephen P. DeNittis, Esq.
(*pro hac vice* application to be submitted)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Email: sdenittis@denittislaw.com

*Attorneys for Plaintiffs and the Proposed Class and Subclasses*

PLAINTIFFS' SUPP. BRIEF I.S.O.
OPPO. TO MOT. TO COMPEL ARBITRATION
Case No. 3:23-cv-02367-WHO

- 10 -

**HATTIS & LUKACS**
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com