Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
HATTIS & LUKACS
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

Stephen P. DeNittis, Esq.
   (*pro hac vice* application to be submitted)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Email: sdenittis@denittislaw.com

*Attorneys for Plaintiffs
and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANA STEVENSON, DAVID AMBROSE and LISA RAMIREZ, For Themselves, As Private Attorneys General, and On Behalf Of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SIRIUS XM RADIO INC., <br><br> Defendant. | Case No. 23-cv-02367-WHO <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** <br><br> [Civil Local Rule 3-12] <br><br> [Filed Simultaneously With Declaration of Paul Karl Lukacs and [Proposed] Order Relating Cases] |

**RELIEF REQUESTED**

Plaintiffs Denise Woods and Sherry Tapia respectfully move for an order that:

1. Deems the recently filed civil action captioned *Denise Woods v. Sirius XM Radio, Inc.*, Northern District of California Case No. 3:24-cv-3799-RFL (the "*Woods* Case") to be related to this lower-numbered civil action captioned *Ayana Stevenson v. Sirius XM Radio, Inc.*, Northern District of California Case No. 3:23-cv-02367-WHO (the "*Stevenson* Case"), and

2. Re-assigns the *Woods* Case to the Judge who presided over the *Stevenson* Case, which is Hon. William H. Orrick.

**REASONS SUPPORTING THE MOTION**

Plaintiffs Woods and Tapia bring this Motion under Civil Local Rule 3-12, which states that a civil action is "related" to another civil action if:

> (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

N. D. Cal. L.R. 3-12(a).

The Administrative Motion To Consider Whether Cases Should Be Related is routed for decision to the Judge who is or was presiding over the lower-numbered case. N. D. Cal. L.R. 3-12(f). If that Judge deems the two civil actions to be related, the higher-numbered action is re-assigned to the Judge who is or was presiding over the lower-numbered action. N. D. Cal. L.R. 3-12(f)(3). The lower-numbered action need not still be pending. N. D. Cal. L.R. 3-12(b) ("related to an action which is *or was* pending in this District") (emphasis added).

The new *Woods* Case and the older *Stevenson* Case easily satisfy the definition of "related." This Court is familiar with the *Stevenson* Case, having granted a motion to compel arbitration brought by Defendant Sirius XM Radio Inc. ("Sirius XM"). *See Stevenson v. Sirius XM Radio Inc.*, 2023 WL 7434945 (N.D. Cal. Nov. 9, 2023) (appeal pending).

This Court summarized the substantive allegations in this *Stevenson* Case as follows: "Plaintiffs allege that Sirius XM, a satellite radio service that broadcasts channels to more than

33 million subscribers, including 3.8 million Californians, intentionally does not disclose the 'U.S. Music Royalty Fee' to its customers. [First Amended Complaint] ¶ 2, 19. The fee increases the plan price by 21.4% above the advertised price for the plans; plaintiffs assert that Sirius XM prevents customers from learning about the additional charge by never sending period bills or payment receipts after initial subscription, yet nevertheless automatically renewing their subscriptions. *Id.* ¶¶ 19-20." *Stevenson*, 2023 WL 7434945, at *1.

The allegations of the *Woods* Case are substantially similar. In the operative Complaint, Plaintiffs Woods and Tapia allege a class action "to challenge a deceptive pricing scheme whereby Sirius XM falsely advertises its music plans at lower prices than it actually charges. Sirius XM fails to include in its advertised prices the amount of its invented 'U.S. Music Royalty Fee,' which increases the true plan price by 21.4% above the advertised price for the plans." *Woods* Case Complaint, ¶ 1.

The two cases are not identical. In particular, the Sirius XM subscriptions of Plaintiffs Woods and Tapia commenced over the telephone (Complaint, ¶¶ 68, 81), and Plaintiffs Woods and Tapia bring their action on behalf of a proposed class of California consumers who signed up for Sirius XM services over the telephone (Complaint, ¶ 95).

The telephone sign-up aspect of the *Woods* case is important. When Sirius XM brings its inevitable motion to compel arbitration, Plaintiffs will take the position that the statements made between each Plaintiff and the Sirius XM agent over the phone did not bind either of the Plaintiffs to Sirius XM's arbitration agreement; ergo, this Court should deny the arbitration motion. By contrast, the named plaintiffs in the *Stevenson* Case did not challenge (but did not admit) their acceptance of the Sirius XM arbitration agreement. *See* Plaintiffs' Opposition To Motion To Compel Arbitration, *Stevenson* Case, at ECF p. 10:5-6 (Dkt. 27) ("In this Opposition, Plaintiffs are not challenging Sirius XM's assertion that each Plaintiff accepted and agreed to the Customer Agreement.")

That issue aside, the two cases bear sufficient similarity to each other to be "related" under the Civil Local Rules. Both cases involve the identical defendant, Sirius XM Radio Inc. Both cases involve the same "property, transaction, or event" in the sense that both involve

- 3 -

Sirius XM's scheme to advertise one rate for its services but to then increase the advertised rate by adding an invented and undisclosed "U.S. Music Royalty Fee." It would be an unduly burdensome duplication of labor for different Judges in the same District to rule upon Sirius XM's arbitration agreement and to adjudicate the merits (when the two cases ultimately proceed). A danger of conflicting results within the same District exists if two different Judges examine the same arbitration agreement and similar sets of merits.

On July 2, 2024, counsel for Plaintiffs sent an email to counsel for Sirius XM asking if they would stipulate to this relief. *See* Declaration of Paul Karl Lukacs In Support Of Administrative Motion To Consider Whether Cases Should Be Related, ¶ 4 & Exhibit A (filed simultaneously herewith). A prompt response was requested due to the impending Fourth of July holiday weekend. *Ibid.* As of the time of the filing of this Administrative Motion, counsel for Sirius XM has not responded. *Ibid.* (Due to the long holiday weekend, Plaintiffs have no objection if Sirius XM takes an additional day or two to respond to this Administrative Motion.)

Service of this Administrative Motion, the supporting Declaration of Paul Karl Lukacs and the [Proposed] Order Relating Cases is being accomplished by ECF on July 3, 2024. Lukacs Decl., ¶ 5. Sirius XM's defense counsel in this *Stevenson* Case is the law firm of Jones Day, and Jones Day has confirmed to Plaintiffs' counsel that Jones Day will appear and represent Sirius XM in the *Woods* Case. *Ibid.* A courtesy copy of this Motion, the supporting declaration and the proposed order is also being emailed on July 3, 2024, to the counsel at Jones Day who have appeared as defense counsel for Sirius XM in this *Stevenson* case. *Ibid.*

## **CONCLUSION**

For the reasons stated, Plaintiffs Denise Woods and Sherry Tapia respectfully move for an order that:

1. Deems the recently filed civil action captioned *Denise Woods v. Sirius XM Radio, Inc.*, Case No. 3:24-cv-3799-RFL (the "*Woods* Case") to be related to this lower-numbered civil action captioned *Ayana Stevenson v. Sirius XM Radio, Inc.*, Case No. 3:23-cv-02367-WHO (the "*Stevenson* Case"), and

2. Re-assigns the *Woods* Case to the Judge who presided over the *Stevenson* Case, which is Hon. William H. Orrick.

Date: July 3, 2024

Presented by:

HATTIS & LUKACS

By: /s/ Paul Karl Lukacs
Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
HATTIS & LUKACS
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

Stephen P. DeNittis, Esq.
  (*pro hac vice* application to be submitted)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Email: sdenittis@denittislaw.com

*Attorneys for Plaintiffs and the Proposed Class*